**ESTATE OF Luis A. NUNEZ–POLANCO a/k/a Luis A. Nunez, by Michael SHAPIRO, Administrator, Plaintiff,**

v.

**BOCH TOYOTA, INC.
et al., Defendants.**

**No. 3:03 CV 2251(WWE).**

United States District Court,
D. Connecticut.

Sept. 21, 2004.

Michelle I. Turner, Paul D. Williams, Day, Berry & Howard, Hartford, CT, Robert I. Reardon, Jr., Robert T. Rimmer, The Reardon Law Firm, New London, CT, for Defendants.

## RULING ON MOTION TO DISMISS

EGINTON, District Judge.

This is a wrongful death case filed by the estate of Luis A. Nunez–Polanco against Boch Toyota, Michael Humphrey, CarChoice International Corporation, Carl Housen, Persio Rodriguez, and Victor Gomez. The case was originally filed in New London Superior Court and was removed to this Court on December 24, 2003, under this court's diversity jurisdiction. Defendants Boch Toyota and Michael Humphrey have moved this Court for dismissal based on a lack of personal jurisdiction. For the following reasons, the motion to dismiss will be granted.

### Background

The following factual background is based on the facts alleged in the complaint, the moving papers, and affidavits accompanying the motion to dismiss.

Defendant Boch Toyota is a Massachusetts corporation with a principal place of business in Norwood, Massachusetts. Defendant Michael Humphrey is a resident of Massachusetts and is being sued for his activities on behalf of Boch Toyota. Defendant Carl Housen, a Massachusetts resident, was the president, chief operating officer, and/or employee of the defendant CarChoice, a Massachusetts corporation with its principal place of business in Dorchester, Massachusetts.

In December, 2001, defendant Humphrey as an employee of Boch Toyota negotiated with defendant Housen for the lease of a 2002 Toyota to defendant CarChoice. The vehicle was subsequently released to defendant Persio Rodriguez, a

Rhode Island resident, with the defendant Victor Gomez, a resident of New York, as an authorized driver.

On December 29, 2001, Mr. Gomez was allegedly driving the vehicle on I–95 near New Haven, Connecticut, when it collided with the barrier and overturned, fatally injuring the decedent Mr. Nunez, who was a resident of New York.

Plaintiff claims that Boch Toyota is liable for Mr. Nunez's death pursuant to Conn. Gen.Stat. § 14–154a.[1]

## DISCUSSION

To survive a pretrial motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir.1999). Prior to discovery, a plaintiff need only make a *prima facie* showing of jurisdiction through pleadings, affidavits and supporting materials. *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990). All allegations are to be construed in the light most favorable to plaintiff, and all doubts are to be resolved in plaintiff's favor, notwithstanding controverting evidence by defendants. *A.I. Trade Finance Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

■ The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.1963). In Connecticut, the court makes a two step inquiry. *Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir.1995). The court first determines whether the exercise of juris-

diction over the party is conferred by Connecticut's long arm statutes. If jurisdiction is permissible under the long arm statutes, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause. *Metropolitan Life Insurance Company v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.), *cert. denied,* 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996).

■ However, "the Connecticut longarm statutes do not confer jurisdiction over actions committed by a nonresident party against another nonresident." *Pomazi v. Health Indus. of Am.*, 869 F.Supp. 102, 104 (D.Conn.1994). Since plaintiff, a non-resident, has asserted claims against non-resident defendants, the long-arm statutes do not apply, and therefore, plaintiff cannot make a prima facie showing that this Court has jurisdiction over this matter against Boch Toyota or Mr. Humphrey.

Plaintiff argues, however, that Section 14–154a confers jurisdiction based on its provision that "any person...shall by liable...." However, this language cannot be construed to mean that the constraints of the state long-arm statutes do not apply to a suit brought pursuant to that Section.

Even assuming that the suit were subject to the Connecticut long-arm statutes, the facts of this case do not meet statutory requirements to satisfy the first step of the personal jurisdiction analysis. Section 33–929(f) provides:

Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual

---

1. Conn. Gen.Stat. § 14–154a provides, in pertinent part: Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.

place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

 Here, Boch Toyota does not transact business in Connecticut and has no contracts to be performed in Connecticut; it does not solicit business in Connecticut or provide advertising specific to Connecticut; it did not manufacture the vehicle; it leased the vehicle to CarChoice, a Massachusetts corporation, and therefore had no reasonable expectation that the vehicle would travel to Connecticut; and defendant Boch Toyota committed no tortious conduct in Connecticut. Boch Toyota does maintain a website. However, unlike the websites described in *Mashantucket Pequot Tribe v. Raymond Redican*, 02cv1828 (JCH)(finding personal jurisdiction in Connecticut based on operation of a website that targeted Foxwoods' customers) or *NFL v. Miller*, 2000 WL 335566 (S.D.N.Y. 2000) (finding personal jurisdiction in New York based on website targeting NFL fans), Boch Toyota's website did not specifically target individuals in Connecticut or individuals who would be likely to view the website on a computer screen in Connecticut. Accordingly, Boch Toyota cannot be subject to suit based on "tortious conduct in this state . . . ." or any other provision of the long-arm statute. The Court will dismiss the complaint against Boch Toyota.

Plaintiff's opposition to the motion to dismiss presents no argument that jurisdiction is proper over Mr. Humphrey pursuant to Section 52–59b(a). Accordingly, in absence of an objection and based on the argument presented defendants' briefs, the Court will grant the motion to dismiss as to Mr. Humphrey.

*Jurisdiction Over the Remaining Defendants*

Since the remaining claims are asserted against non-residents, the Court will *sua sponte* dismiss the action against these defendants pursuant to *Pomazi*, 869 F.Supp. at 104.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [18–1] is GRANTED. The Court dismisses the action *sua sponte* against the remaining non-resident defendants for lack of personal jurisdiction. The clerk is instructed to close this case.